UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL MCGORE,

    Plaintiff,

v.

                              Case No. 2:25-cv-13927
                              District Judge Linda V. Parker

GTL FINANCIAL SERVICES,

    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE WITHOUT PREJUDICE**

      This matter is before the Court on Plaintiff Darryl McGore's pro se Complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.) McGore is a state inmate currently confined at the Thumb Correctional Facility in Lapeer, Michigan. He alleges that Defendant GTL Financial Services, a telecommunications provider serving Michigan prisons, has fraudulently overcharged for its services. McGore seeks compensatory and punitive damages. He also seeks leave to proceed without prepayment of the filing fee. (ECF No. 2.) For the reasons stated below, the Court is denying the application to proceed without prepayment of the filing fee and is dismissing the Complaint without prejudice.

      Under the Prisoner Litigation Reform Act of 1995 (PLRA), a prisoner may not proceed in forma pauperis if, on three or more prior occasions, a federal court

has dismissed the prisoner's complaints as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). The statute provides a narrow exception to this "three-strikes rule" only when the prisoner is "under imminent danger of serious physical injury." *Id.*; *see also Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008)) ("In order to allege sufficiently imminent danger, we have held that 'the threat . . . must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed.'").

McGore is a frequent litigant with a history of meritless filings. He has had more than three civil rights cases dismissed as frivolous, malicious, or for failure to state a claim. *See McGore v. Hudson*, No. 1:98-cv-10080 (E.D. Mich. June 2, 1998); *McGore v. Hunter*, No. 2:96- cv-74326 (E.D. Mich. Oct. 15, 1996); *McGore v. Hunter*, No. 2:96-cv-74327 (E.D. Mich. Feb. 10, 1997); *McGore v. Jones*, No. 2:96-cv-74614 (E.D. Mich. Nov. 8, 1996); *McGore v. Mich. Supreme Court Judges*, No. 1:94-cv-517, 1995 U.S. App. 3 LEXIS 35444; *McGore v. Nardi*, No. 2:93-cv-137 (W.D. Mich. Aug. 2, 1993); *McGore v. Stine*, No. 2:93-cv-112 (W.D. Mich. July 26, 1993); *McGore v. Stine*, No. 2:93-cv-77 (W.D. Mich. Apr. 30, 1993). McGore is well aware that he has accumulated "three strikes" under § 1915(g) because he has been denied leave to proceed in forma pauperis on

that basis many times. *See McGore v. United States Supreme Court Justices*, No. 2:19-cv-244, 2019 WL 6799099 at *2 (W.D. Mich. Dec. 13, 2019) (stating that "Plaintiff previously has been denied leave to proceed *in forma pauperis* on more than 50 occasions for having three strikes").

McGore, therefore, cannot proceed in forma pauperis unless he claims that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). He fails to do so. McGore alleges only financial harm. He neither contends that he is in imminent danger nor alleges any plausible facts suggesting he is. Accordingly, he may not proceed in forma pauperis.

When the Court denies a prisoner leave to proceed in forma pauperis based on § 1915(g)'s three strikes provision, the "the proper procedure is for the district court to dismiss the complaint without prejudice." *Sorezo v. Harris*, No. 23-12098, 2023 WL 5489026, at *1 (E.D. Mich. Aug. 24, 2023) (quoting *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)).

Accordingly, McGore's application to proceed without prepayment of the filing fee (ECF No. 2) is **DENIED** and his Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: December 12, 2025

3

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 12, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager
